UNITED STATES *v.* SCHLESINGER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

Argued January 13, 1887. — Decided January 24, 1887.

Construing together §§ 2931 and 3011 of the Revised Statutes, the decision of the Secretary of the Treasury, on an appeal from a collector of customs, as to the rate and amount of duties, is not final and conclusive, except in a case where, after a protest and appeal, a payment of duties is made in order to obtain possession of goods, and then a suit is not brought to recover back the duties within the times and under the limitations prescribed by § 2931.

Such decision is not final, in a suit brought by the United States against an importer, where, on entering goods, he paid the estimated duties, and the goods were delivered to him, and on a reliquidation of the entry further duties were assessed, and he duly protested, and appealed to the Secretary, who sustained the action of the collector, the suit being brought to recover such further duties.

In such suit the defendant may show, as a defence, that the further duties were illegally assessed.

THIS was an action at law to recover a sum alleged to be due the United States on imported merchandise. Judgment for defendant. Plaintiff below sued out this writ of error. The case is stated in the opinion of the the court.

*Mr. Solicitor General* for plaintiff in error.

*Mr. L. S. Dabney* and *Mr. William S. Hall* for defendants in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law brought by the United States against the members of the firm of Naylor & Co., in the Circuit Court

of the United States for the District of Massachusetts, to
recover a sum of money claimed to be due as duties on mer-
chandise, imported into the port of Boston from England, in
January, 1880. The importers paid the estimated amount of
duties, and obtained possession of the goods, and this suit was
brought to recover the difference between the duties so paid
and a larger amount at which the collector subsequently liqui-
dated the duties. The case was tried by the court without a
jury, evidence being introduced by both parties. The court
found the following facts: "The defendants imported into
Boston from Liverpool the merchandise named in plaintiffs'
declaration, which they (the defendants) invoiced and entered
as 'scrap steel,' dutiable at thirty per cent. *ad valorem*. At the
time of the entry they paid the estimated duties thereon, cal-
culated at thirty per cent. *ad valorem*, and all the merchandise
was thereupon then delivered to them. No question was made
but that a portion of the merchandise was dutiable at thirty
per cent. *ad valorem*, as entered. The other and disputed por-
tion of the merchandise consisted of pieces of steel railway
bars, sawed at both ends, from two feet to six feet in length.
After entry the whole merchandise was weighed by customs
officers, proper examination was made thereof by the appraiser,
who duly made report thereon to the collector, who, in due
course and form of law, liquidated the entries, classifying the
undisputed portion of the merchandise as it was entered, and
assessing the duty thereon at thirty per cent. *ad valorem*, but
classifying the disputed portion as 'steel in bars, dutiable at
$2\frac{1}{4}$ cents a pound, under Department decision of October 31st,
1879, No. 4273.' Against this classification of the disputed
portion of the merchandise and the ascertainment and liqui-
dation of the duty thereon the defendants duly protested,
and appealed to the Secretary of the Treasury, who sustained
the action of the collector, and, the defendants not paying
the duty thus ascertained and assessed, this action was brought.
The plaintiffs claimed that the decision of the Secretary of the
Treasury, under the provisions of section 2931 of the Revised
Statutes of the United States, was final and conclusive, the
defendants not having paid the duties and brought suit to

recover the amount so paid, and that the plaintiffs were entitled to recover the whole amount found due upon liquidation by the collector, with interest, which amount so found due was $2125.80. It also appeared, that, owing to error in the supposed weight and amount of the merchandise when the estimated duties were paid, the proper duty due upon all the importations, calling the merchandise 'scrap steel,' as entered, and dutiable at thirty per cent. *ad valorem,* was $116.50 more than had been paid as the estimated duty thereon; which sum of $116.50 is included in the above amount of $2125.80. The defendants introduced testimony tending to show, and the court found, as a fact, that the steel railway bars above described were commercially known as 'scrap steel,' and that they were fit only to be remanufactured."

Upon the foregoing facts the court ruled, as matter of law, that the assessment of duty by the collector upon the disputed portion of the merchandise was illegal, and that the plaintiffs were not, under the provisions of § 2931, entitled to recover the full amount they claimed, and ordered judgment for the plaintiffs for $116.50 only. To this ruling and order the plaintiffs excepted; and judgment being entered for them for $116.50, they have brought this writ of error.

The Circuit Court, in its decision, made in December, 1882, 14 Fed. Rep. 682, construed §§ 2931 and 3011 of the Revised Statutes. Section 3011, as it stood at the time of these importations and stands now, reads as follows : " Any person who shall have made payment under protest and in order to obtain possession of merchandise imported for him, to any collector, or person acting as collector, of any money as duties, when such amount of duties was not, or was not wholly, authorized by law, may maintain an action in the nature of an action at law, which shall be triable by jury, to ascertain the validity of such demand and payment of duties, and to recover back any excess so paid. But no recovery shall be allowed in such action unless a protest [and appeal shall have been taken as prescribed in section twenty-nine hundred and thirty-one.] " The portion contained in brackets was inserted by the act of February 27, 1877, c. 69, 19 Stat. 247, in place of the words

"in writing and signed by the claimant or his agent, was made and delivered at or before the payment, setting forth distinctly and specifically the grounds of objection to the amount claimed." Section 3011, as it originally stood in the Revised Statutes, was a reënactment of the act of February 26, 1845, c. 22, 5 Stat. 727.

Section 2931 is a reënactment of § 14 of the act of June 30, 1864, c. 171, 13 Stat. 214, and is in these words: "On the entry of any vessel or of any merchandise, the decision of the collector of customs at the port of importation and entry, as to the rate and amount of duties to be paid on the tonnage of such vessel or on such merchandise, and the dutiable costs and charges thereon, shall be final and conclusive against all persons interested therein, unless the owner, master, commander, or consignee of such vessel, in the case of duties levied on tonnage, or the owner, importer, consignee or agent of the merchandise, in the case of duties levied on merchandise, or the costs and charges thereon, shall, within ten days after the ascertainment and liquidation of the duties by the proper officers of the customs, as well in cases of merchandise entered in bond as for consumption, give notice in writing to the collector on each entry, if dissatisfied with his decision, setting forth therein, distinctly and specifically, the grounds of his objection thereto, and shall, within thirty days after the date of such ascertainment and liquidation, appeal therefrom to the Secretary of the Treasury. The decision of the Secretary on such appeal shall be final and conclusive; and such vessel, or merchandise, or costs and charges, shall be liable to duty accordingly, unless suit shall be brought within ninety days after the decision of the Secretary of the Treasury on such appeal for any duties which shall have been paid before the date of such decision on such vessel, or on such merchandise, or costs or charges, or within ninety days after the payment of duties paid after the decision of the Secretary. No suit shall be maintained in any court for the recovery of any duties alleged to have been erroneously or illegally exacted, until the decision of the Secretary of the Treasury shall have been first had on such appeal, unless the decision of the Secretary shall

be delayed more than ninety days from the date of such appeal in case of an entry at any port east of the Rocky Mountains, or more than five months in case of an entry west of those mountains." The view of the Circuit Court was, that, under § 3011, there could be no suit against a collector to recover back an excess of duties paid on merchandise imported, unless the payment, in addition to being made under protest, was made "in order to obtain possession" of the merchandise; that § 2931 did not destroy the limitation imposed by § 3011 on the right to sue to recover back duties, or create any right to sue independently of such limitation; and that, consequently, as it was plain, as a fact, that the $2009.30 of duties liquidated and sought to be recovered were illegally imposed, the importers could not, after paying them, recover them back, but. could obtain the benefit of the exemption from the duty demanded by a defence in this suit, and by that means alone.

We concur in this view, and are of opinion that the proper construction of § 2931, in view of the fact that § 3011 is in force concurrently with it, is, that the decision of the Secretary of the Treasury is not final and conclusive, except in a case where, after a protest and an appeal, a payment of duties is made in order to obtain possession of the goods, and then a suit is not brought to recover back the duties within the times and under the limitations prescribed by § 2931. That being so, it is not final in the present case, there having been a payment of estimated duties, a delivery of the goods, a reliquidation assessing further duties, a protest, an appeal, and a suit against the importers by the United States to recover the further duties.

The United States cite the decision of the District Court of the United States for the Southern District of New York in *United States* v. *Cousinery*, 7 Ben. 252, and the cases of *Watt* v. *United States*, 15 Blatchford, 29, and *United States* v. *Phelps*, 17 Blatchford, 312, as sustaining the view maintained by them. The first case cited was decided in April, 1874, before the enactment of the Revised Statutes, in June, 1874; the second case in July, 1878; and the third in November, 1879. But this court, in November, 1883, in *Arnson* v. *Mur-*

*phy*, 109 U. S. 238, a suit brought against a collector in 1879 to recover back duties exacted in 1871, held that the only existing authority for such a suit was to be found in the provisions of §§ 3011 and 2931 taken together. In the opinion of this court at October term, 1875, in *Barney* v. *Watson*, 92 U. S. 449, a suit brought to recover back duties paid in March, 1864, on an importation made in December, 1863, it was suggested that the act of February 23, 1845, now § 3011, was supplied by § 14 of the act of June 30, 1864, now § 2931, and was thus repealed by implication. That case, however, arose before the act of June 30, 1864, was passed, and not under it, though adjudged here after it was enacted. But the decision in *Arnson* v. *Murphy* was based on the view that §§ 3011 and 2931 coexist, and must be construed together. So, what was held in *United States* v. *Cousinery*, under the idea that § 14 of the act of June 30, 1864, was the only statute to be considered, (and the act of February 26, 1845, is not alluded to in the decision,) is of no force when §§ 3011 and 2931 are both of them to be taken into consideration, as coexisting. The same remarks apply to what was ruled, on the same basis, in ·*United States* v. *Phelps*.

In *Watt* v. *United States*, the suit was by the United States to recover duties liquidated in 1876 on an importation made in 1872, and there was no appeal after liquidation; and it was held that for that reason the defendant could not attack the liquidation.

Nor does anything in the decision in *Westray* v. *United States*, 18 Wall. 322, control the present case. That case had reference, it is true, to § 14 of the act of June 30, 1864, and the suit was one by the United States, on a bond given on the entry of goods for warehousing, conditioned to pay the amount of duties to be ascertained to be due and owing on the goods. The duties were afterwards liquidated. The defendants, at the trial, offered to show that the duties should have been less. The evidence was excluded, on the ground that there had been no appeal from the decision of the collector, and this court sustained the ruling.

*Judgment affirmed.*