## PORTER *v.* BEARD.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

Argued January 19, 1888. — Decided January 30, 1888.

Merchandise was delivered to its importer, after he had paid the duties on it as first liquidated or estimated on its entry. Subsequently, the collector recalled the invoice, the local appraiser increased the valuation, there was a reappraisement by the general appraiser and a merchant appraiser, and a new liquidation, which increased the amount of duties. The importer paid that amount under protest, and appealed to the Secretary of the Treasury, (who affirmed the action of the collector,) and then brought a suit against the collector to recover the amount: *Held*, that under § 3011 of the Revised Statutes, the action would not lie, because the payment was not made to obtain possession of the merchandise.

THIS was an action against a collector to recover an alleged excess of duties. Judgment for defendant. Plaintiff sued out this writ of error. The case is stated in the opinion of the court.

*Mr. Charles Levi Woodbury* for plaintiffs in error.

*Mr. Solicitor General* for defendant in error.

Mr. Justice Blatchford delivered the opinion of the court.

This is an action at law brought in the Circuit Court of the United States for the District of Massachusetts, by the members of the copartnership firm of Cushing, Porter & Cades, against Alanson W. Beard, collector of customs, to recover the sum of $694.05, as an alleged excess of duties, paid under protest, on merchandise imported by that firm into the port of Boston. The case was tried before the court on the written waiver of a jury. There was an agreed statement of facts in the case, but either party had the right to introduce further evidence. There are no separate findings of fact and of conclusions of law, nor is there any general finding for either party; but there is accompanying the record an opinion of the court, which is reported in 15 Fed. Rep. 380, which concludes by directing a judgment for the defendant, and such judgment was accordingly entered, and to review it the plaintiffs have brought a writ of error.

There is a bill of exceptions made by the plaintiffs, which states that all of the facts material to the bill of exceptions are contained in the statement of agreed facts, which is thereto attached and made a part of the exceptions; that, upon the trial of the cause, the counsel for the defendant asked the court to rule, that, as it appeared that 25 of the packages of merchandise in question had been delivered to the plaintiffs by the defendant before the payment of the duties thereon sued for, the plaintiffs had not shown themselves entitled as a matter of law, to maintain this action against the defendant, so far as those packages were concerned, because such payment of duties, although made under protest, was voluntary, and was not made to obtain possession of the goods; that the court adjudged that, as a matter of law, when the plaintiffs paid the additional duties demanded by the collector upon the 25 packages, the defendant had no means of compelling the payment, and that, as the payment was voluntary, the plaintiffs could not recover the money; that the plaintiffs excepted to each of those rulings; that the court thereupon refused to consider further the agreed facts and the testimony which had been

adduced before it as to the subject matter of the protest in relation to those packages; and that the plaintiffs excepted to such refusal.

It appears, by the agreed statement of facts, that all of the goods in question were delivered to the plaintiffs by March 25, 1879, on their payment of the duties on the goods as first liquidated or estimated, on the entries of the goods. Subsequently, the invoices were recalled by the collector, and the local appraiser reported an increased valuation of the goods. There was a reappraisement of them by the general appraiser and a merchant appraiser, and new liquidations, which increased the duties by the sum of $694.05. The plaintiffs paid this amount to the collector, and duly filed protests, and appealed to the Secretary of the Treasury, who affirmed the action of the collector, and then this suit was brought.

The error assigned by the plaintiffs is, that the Circuit Court erred in deciding that the payment of the increased duties, after due protest and appeal, and the decision of the Secretary of the Treasury, as to the 25 packages, was a voluntary payment and was a bar to the plaintiffs' right to recover.

It is provided by § 3011 of the Revised Statutes, that "any person who shall have made payment under protest and in order to obtain possession of merchandise imported for him, to any collector, or person acting as collector, of any money as duties, when such amount of duties was not, or was not wholly, authorized by law, may maintain an action in the nature of an action at law, which shall be triable by jury, to ascertain the validity of such demand and payment of duties, and to recover back any excess so paid." It is apparent that, under this section, although a person may have paid duties under protest, he is not entitled to maintain an action to recover back the duties, unless he also paid them in order to obtain possession of the merchandise.

It is found as a fact, in this case, that the 25 packages upon which the increased duties of $694.05 were paid were delivered to the plaintiffs by the defendant on the payment of the duties first liquidated or estimated, and before the payment of such increased duties. The language of the agreed statement

of facts and of the bill of exceptions, in regard to the 25 packages, is, throughout, that they were "delivered" to the plaintiffs. This necessarily means that they passed into the possession of the plaintiffs; that, until the first liquidated or estimated duties were paid, the merchandise was in the possession of the United States; that the plaintiffs paid such duties in order to obtain possession of the merchandise; that it was in their possession when they paid the $694.05; and that, therefore, they did not pay the latter amount in order to obtain possession of the goods.

The plaintiffs contend, that, under the statute, the lien of the United States on the goods for the amount of the increased duties upon them remained, although the goods had passed into the physical possession of the plaintiffs; and that the payment by the plaintiffs of the increased amount of duties was made in order to free the goods from such lien, and was, therefore, a payment made, within the meaning of § 3011, to obtain possession of the goods. But we are unable to adopt this view.

By § 2869 of the Revised Statutes it is provided, that, when an entry of goods is made, the collector shall estimate the amount of the duties on them, and that, when such amount is paid or secured to be paid, a permit may be granted to land the goods. Provision is also made, that the goods shall be landed under the superintendence of inspectors, and in accordance with the permits. Section 2888 provides, that the officer charged with the deliveries shall return to the collector copies of his accounts of entries of deliveries, which shall comprise "all deliveries made pursuant to permits, and all packages or merchandise sent to the public stores." This necessarily implies that deliveries are to be made pursuant to permits, to persons who have paid the first liquidated or estimated duties on entries, as contradistinguished from sending other goods to the public stores. These deliveries are sufficient to put the importer in possession of the merchandise, within the meaning of § 3011, without reference to any lien of the United States upon the goods, or to any right to follow and reclaim them, in case of an insufficient payment of duties, to be liquidated or ascertained afterwards.

The provisions of § 3011 are to be strictly followed, because, as we held in *Arnson* v. *Murphy*, 109 U. S. 238, an action to recover duties paid under protest is now based entirely on a statutory liability, which is regulated as to all its incidents by express statutory provisions. Among such regulations is the one, that the payment of the duties shall have been made not only under protest but also in order to obtain possession of the imported merchandise, in order to authorize the action to recover back the duties.

In addition, this case seems to us to be governed by the decision in *United States* v. *Schlesinger*, 120 U. S. 109. In that case, the Circuit Court had, under § 3011, held that there could be no suit against a collector to recover back an excess of duties paid upon merchandise imported, unless the payment, in addition to being made under protest, was made "in order to obtain possession," of the merchandise. The importers had paid the estimated amount of duties and had obtained possession of the goods, and the suit was brought by the United States against them to recover the difference between the amount so paid and a larger amount, at which the collector had subsequently liquidated the duties. The Circuit Court had held, that, under those circumstances, the importers could not, in case they had paid such difference, recover it back, and that, therefore, they could obtain the benefit of the exemption from the duties sued for, which were in fact illegally imposed, only by a defence in the suit brought by the United States to recover them. This court concurred in that view, and its decision was placed expressly on that ground.

*The judgment of the Circuit Court is affirmed.*