## LAMAL *v.* UNITED STATES.

*(Circuit Court, E. D. Louisiana. March 13, 1890.)*

CUSTOMS DUTIES—APPRAISAL—GLASS.

    Under 22 St. U. S. 496, which provides that glass imported in boxes containing 50 square feet, single thick, and weighing not to exceed 55 pounds, shall be entered as 50 pounds of glass only, "but in all other cases the duty shall be computed according to the actual weight of the glass," a box of glass containing 50 square feet, but weighing less than 50 pounds, should be computed as weighing 50 pounds.

On Writ of Error from District Court.

*G. A. Breaux* and *A. H. Leonard,* for plaintiff in error.

*Wm. Grant,* Dist. Atty.

PARDEE, J. The United States brought suit in the district court of this district to recover balance of duties claimed to be due upon certain importations of glass by the plaintiff in error. The cause was submitted in the district court upon the following agreed statement of facts.

"The defendant imported into the United States, through the port of New Orleans, as alleged in the petition of plaintiff, certain boxes of common window-glass, imported in boxes containing fifty square feet, * * * now known, and commonly designated, as fifty feet of glass single thick, dutiable under Schedule B, paragraph 138 of the statute. That said glass was duly entered and withdrawn for consumption by defendant, who paid the duty as then liquidated, and received delivery of the glass. The duty was then estimated upon the actual weight of the several boxes of glass; which, in every instance, was less than fifty pounds each. Subsequently, the collector of customs decided that each of the said boxes of glass containing fifty feet should be held and deemed to contain fifty pounds of dutiable glass, although their actual weights were less by several pounds; and, by advice of the secretary of the treasury, directed the duties to be levied on each box as if it contained fifty pounds, and ordered the entries of said glass to be reliquidated in accordance with his decision, which was done. Upon this reliquidation, made in accordance with said decision, the duties amounted to the sum sued for herein, in excess of the amount paid when the goods were withdrawn. The amount due on the several entries, as reliquidated, was notified to defendant on the 15th day of April, 1889, and demand made for payment thereof by the collector, which was refused. The right to offer further proof at the trial of the case, subject to all legal exceptions, is reserved to both parties."

Upon the trial of the case the court instructed the jury that, upon the agreed statement of facts, it being considered there was no protest and appeal to the secretary from the reliquidation, the defendant was concluded by it, and he could offer no defense to the action. The defendant asked the court to instruct the jury—

"That the instant action was in truth and in fact based upon the direction of the treasury department, through the collector of customs, to levy and collect; since, on the admitted state of facts, it was the levy of duty on the weight of goods in excess of actual weight; that the only question was whether the government could charge duty on window-glass weighing less than fifty pounds; and that to the decision of such a question by the courts it

was not necessary that a protest and appeal from the notification of the claim to the importer, whether called a reliquidation or not, should precede."

—Which instruction, as asked, was refused. A bill of exceptions was taken to the instruction given, and to the refusal to instruct as asked, and the case brought to this court on writ of error.

The adjudged cases are in favor of the ruling of the court below on the matter of protest and appeal, (see *Westray* v. *U. S.*, 18 Wall. 322; *U. S.* v. *Schlesinger*, 120 U. S. 109, 7 Sup. Ct. Rep. 442;) but it is not considered necessary to pass upon this in order to sustain the judgment. On the agreed statement of facts, the government was entitled to a verdict and judgment; and the question whether there had been a protest and appeal was wholly immaterial. The statute provides "that unpolished, cylinder, crown, and common window-glass, imported in boxes containing fifty square feet, as nearly as sizes will permit, now known and commercially designated as fifty feet of glass, single thick, and weighing not to exceed fifty-five pounds of glass per box, shall be entered and computed as fifty pounds of glass only; and that said kinds of glass imported in boxes containing, as nearly as sizes will permit, fifty feet of glass, now known and commercially designated as fifty feet of glass, double thick, and not exceeding ninety pounds in weight, shall be entered and computed as eighty pounds of glass only; but in all other cases the duty shall be computed according to the actual weight of glass." 22 St. U. S. 496. The plain language of this act requires that the glass imported by the plaintiff in error, as stated in the agreed statement of facts, shall be entered and computed as 50 pounds of glass. It was in boxes containing 50 square feet, as nearly as sizes will permit, known and commercially designated as 50 feet of glass, single thick, and weighed not to exceed 55 pounds of glass per box. The provision "but in all other cases the duty shall be computed according to the actual weight of glass" refers to cases where boxes of 50 feet of single thick glass weigh over 55 pounds, and where boxes of 50 feet of glass, double thick, weigh over 90 pounds. It is clear that in all cases of boxes containing 50 square feet, single thick, and weighing not to exceed 55 pounds, the duty must be computed on a weight of 50 pounds per box.

The judgment of the district court will be affirmed, with costs.