## UNITED STATES *v.* EARNSHAW.

*(District Court, S. D. New York. March 31, 1891.)*

CUSTOMS DUTIES—LIQUIDATION—SUIT TO RECOVER—OBJECTION TO APPRAISER—PROTEST
AND APPEAL NECESSARY TO DEFENSE—REV. ST. § 2931.
	The collector having jurisdiction of customs cases and the appointment of a
proper appraiser, any objections to the latter must be made first to the collector,
and afterwards due protest and appeal made to the secretary of the treasury under
section 2931, in order to entitle the merchant to raise such objections as a defense
when sued for the duties as liquidated. The recent cases of *U. S. v. Schlesinger,*
120 U. S. 109, 7 Sup. Ct. Rep. 442, and *Oelbermann v. Merritt,* 123 U. S. 356, 8 Sup.
Ct. Rep. 151, have not changed the former rule.

At Law.

*Edward Mitchell,* U. S. Atty., and *James T. Vanrensselaer,* Asst. U. S.
Atty.

*Bliss & Schley,* for defendant.

BROWN, J. The new matter introduced as an amendment to the
former answer does not touch the grounds upon which, on demurrer, the
former answer was held insufficient. See opinion, 12 Fed. Rep. 283.
Upon the argument of the demurrer to the amended answer the defend-
ant claims that the decisions of the supreme court in *U. S. v. Schlesinger,*
120 U. S. 109, 7 Sup. Ct. Rep. 442, and *Oelbermann v. Merritt,* 123 U.
S. 356, 8 Sup. Ct. Rep. 151, have overruled the grounds of the former
decision of this court. On examination of those cases I do not find the
defendant's contention sustained. The action is to recover a balance of
duties, as liquidated by the collector. The answer sets up that the
merchant appraiser appointed by the collector to reappraise the goods
was not "a discreet and experienced merchant," as required by section
2930 of the Revised Statutes; and it states several alleged facts which it
is alleged rendered him an improper person. The answer does not set
up that any of these alleged facts were stated to the collector, but only
that the defendant "presented to the collector, in writing, objections" to
such merchant appraiser, and to his acting as such, and "requested him
to appoint some other merchant in his stead," and that the collector
"did not reply to such objections, and never took any action in the mat-
ter after receipt thereof." The answer does not state what "the objec-
tions in writing" were that were presented to the collector, nor whether
they were such as called for any affirmative action on his part; nor is it
pleaded that the defendant took any steps, or requested the collector to
take any steps, as to verifying the truth of the objections presented,
whatever the objections may have been, other than to appoint some dif-
ferent appraiser. No fraud is alleged, nor irregularity, nor neglect of
any duty by the collector that he was legally required to perform. To
sustain such a pleading would be to hold that the importer, by simply
objecting and asserting to the collector that the merchant appraiser ap-
pointed by him was not a discreet and experienced merchant, could stop
the collection of duties, raise that defense when sued, and prove any

facts he thought fit on the trial to sustain the general charge, though no notice of them had ever been given to the collector, nor any evidence of their truth. In the former decision it was held on broader grounds that the assessment of duties, and the decision concerning the qualification of the merchant appraiser upon any objections made against him, were within the scope of the collector's jurisdiction; that his decision thereon, in the absence of any fraud or irregularity in the proceeding, (neither of which are here pleaded,) could not be questioned collaterally, or in any subsequent suit, except after due protest and appeal, as provided by section 2931 of the Revised Statutes, which declares that his determination of duties shall be final and conclusive, unless protest and appeal be taken. It was further held that if such protest was made, and an appeal was taken and overruled, the proceedings in reference to the appointment of the appraiser could be reviewed in a subsequent action for duties. I find nothing in the cases of *Schlesinger* and *Oelbermann* dispensing with the necessity of protest and appeal. Due protest and appeal were taken in both of those cases. The former was a suit for the recovery of a balance of duties like this; the latter was to recover back duties paid. In the latter case the supreme court held that questions concerning the qualification of the merchant appraiser can be raised in a suit to recover back duties after due protest and appeal. In the cases of *Westray* v. *U. S.*, 18 Wall. 323, and *Watt* v. *U. S.*, 15 Blatchf. 29, it was expressly adjudged that such protest and appeal are necessary in order to permit any defense against the assessment and liquidation in a suit like the present to recover a balance of duties, and in the *Case of Schlesinger*, *supra*, the supreme court refer to both the cases last cited, without indicating any modification of that rule. 120 U. S. 114, 7 Sup. Ct. Rep. 442.

The present case being for the recovery of the amount of duties fixed by the liquidation of the collector, the sufficiency or insufficiency of objections to the merchant appraiser is as clearly, it seems to me, within the jurisdiction of the collector to determine in the first instance as the determination of the rate of duty, or of the classification of goods, under the provisions of the statutes. The reasons for requiring a protest and appeal from the importer, if objection is made, are the same in the former class of cases as in the latter, namely, the speedy collection of duties by the correction of any errors or mistakes that may be pointed out, and to give opportunity first to the collector, and next to the secretary of the treasury, to correct any such errors as early as possible, and avoid unnecessary controversy, as well as to maintain uniformity of proceedings in all the collection districts. The case of *Westray*, *supra*, settles the law as respects objections to classification and rate of duty. In principle it covers objections to the appraiser. Section 2931 of the Statutes makes no distinction; and its plain intention seems to me to be that, if the importer wishes to contest his liability for the duties as liquidated, whether by resisting payment or by suit to recover back duties paid, he must make his protest and appeal; and that without them, so long as the collector keeps within the scope of his jurisdiction, any mere error

on his part cannot be reviewed directly or indirectly. The only doubt, as it seems to me, that can arise upon the language of the supreme court in the case of *Schlesinger* is whether, in the defense of an action brought to recover duties after delivery of the goods to the importer, there can be any review of the collector's decision, even with protest and appeal, if the collector has acted fairly, and not in excess of his authority. No express right of review in such cases is given by statute. If such a right exists, it is by implication derived from the qualification attached by section 2931 to the conclusiveness of the collector's decision. Ordinarily his decision, on general principles, would be final; but the express qualification of its finalty, if due protest and appeal are taken, imports, I think, a right in that case to resist the liquidation by way of defense. Thus due protest and appeal are the foundation of any right of review, directly or collaterally, in all cases where the collector in his proceedings has not exceeded the limits of his authority, and has acted in good faith. *Hilton* v. *Merritt*, 110 U. S. 97, 3 Sup. Ct. Rep. 548. In the opinions of the supreme court in the cases of *Oelbermann* and *Schlesinger* the protest and appeal are repeatedly referred to as conditions of the right to raise any such objections. 123 U. S. 364, 367, 8 Sup. Ct. Rep. 151; 120 U. S. 113, 7 Sup. Ct. Rep. 442.

If, on the other hand, it is intended to defend on the ground of fraud, of willful neglect of a statutory duty, or of excess of statutory authority, the answer must aver facts that show some of those defenses, which this answer does not aver. The disqualifying facts here alleged, if true, should have been brought to the collector's notice, and proof of them offered; and the latter facts should have been pleaded as part of the defense. The general principles stated in the former opinion as the grounds of the decision have been repeatedly applied since in this court in customs cases, (*U. S.* v. *Leng*, 18 Fed. Rep. 15; *U. S.* v. *McDowell*, 21 Fed. Rep. 563; *U. S.* v. *Thurber*, 28 Fed. Rep. 56; *U. S.* v. *Doherty*, 27 Fed. Rep. 730;) and the same principles are of frequent application in cases of *habeas corpus*. See *Stevens* v. *Fuller*, 136 U. S. 468, 478, 10 Sup. Ct. Rep. 911, and numerous cases there cited; *In re Vito Rullo*, 43 Fed. Rep. 62; *In re Day*, 27 Fed. Rep. 678, 680. Demurrer sustained.