ERHARDT v. WINTER.

(Circuit Court of Appeals, Second Circuit. March 1, 1899.)

No. 123.

CUSTOMS DUTIES—VOLUNTARY PAYMENT.

Where an importer pays the duty estimated by the collector on several packages of merchandise, and receives all but one of the packages, which is sent to the public stores for examination, and executes the usual bond for return thereof if required, payment of the additional duty on all the packages as returned by the appraiser, without which, or a deposit thereof, the importer could not, under treasury regulations of 1884 (article 358), obtain possession of the examined package, is not voluntary.

In Error to the Circuit Court of the United States for the Southern District of New York.

Jas. T. Van Rensselaer, Asst. U. S. Dist. Atty., for plaintiff in error.

W. Wickham Smith, for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. This is a writ of error to review a judgment of the circuit court for the Southern district of New York in an action at law against the collector of the port of New York, which was entered upon a verdict rendered for the plaintiff by direction of the trial judge. It is conceded that the plaintiff entered at the port of New York, on May 2, 1889, certain merchandise contained in six cases; that the defendant, as collector of the port of New York, estimated the duties upon the merchandise contained in these cases, and such estimated duties were paid by the importer at the time of making the entry; that case No. 6—one of the cases of merchandise— was designated and sent for examination to the public stores on or about the date of the entry, and all the other five cases of merchandise were thereupon delivered to the importer before the payment of any additional duty thereon, the importer executing the usual "ten-day bond"; that the appraiser of the port appraised and returned the goods as flax and jute, at 40 per cent. ad valorem, and returned the invoice to the collector on May 8, 1889; that the entry was liquidated on May 16, 1889, and was subsequently reliquidated on May 21, 1889; that the amount of increased duty was the sum of $77.25, and this increased duty was paid by the importer May 22, 1889. The importer received from the government, on May 23, 1889, the case No. 6, which had been sent to the public stores for examination.

On May 29, 1889, the importer duly filed with the defendant a protest, claiming the merchandise to be dutiable at 35 per cent. ad valorem. · The original classification was subsequently found to have been incorrect, and the invoice was reclassified at the rate claimed in the importer's protest. The aggregate amount due him for principal and interest was $97.56, for which amount a verdict was directed. The "ten-day bond" is a bond given by the importer to the United States for the return to the collector of the merchandise delivered to the importer, provided he shall be so required, within 10 days after the packages sent to the public stores shall have been appraised and reported upon. The point made by the government is that the payment for increased duties was not made to obtain possession of the merchandise, and was therefore a voluntary payment as to the proportion of the additional duties levied upon the five cases of goods which had been previously delivered to the importer. It is familiar law that the importer cannot recover money paid for duties upon merchandise, unless the payment was made under compulsion in order to obtain possession of the goods. The compulsion which the collector exercised was in regard to the one case in the public store, of which the importer could not have had possession unless by payment of the entire amount claimed by the collector. The course of business in the collector's office is designated in article 358 of the treasury regulations of 1884, which is contained in the record. The portion of the regulations to which attention need be called is as follows: "If the invoice is indorsed 'Correct' by the appraiser,   *   *   *,  the collector will issue an order for the delivery of the examined packages. But if advanced by the appraiser, either in value or rate of duty, the package will not be delivered to the importer without an additional deposit for duties, if necessary." Unless the unpaid amount of the duty claimed to be due upon the invoice had been paid, no permit for the delivery of the examined packages would be given, and, in order to obtain possession of this part of his goods, the importer must pay or deposit the required amount. The facts in Porter v. Beard, 124 U. S. 429, 8 Sup. Ct. 554, are not analogous to those in this case. The judgment of the circuit court is affirmed.