ARNSON & Another *v.* MURPHY, Collector.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued November 19, 1885.—Decided December 7, 1885.

Where an action is brought, under section 3011 of the Revised Statutes, as amended by section 1 of the act of February 27, 1877, ch. 69, 19 Stat. 247, to recover back an excess of duties paid under protest, the plaintiff must, under section 2931 of the Revised Statutes, as a condition precedent to his recovery, show not only due protest and appeal to the Secretary of the Treasury, but also that the action was brought within the time required by the statute.

It is not necessary, under section 2931, that the decision of the Secretary on the appeal should, in order to be operative, be communicated to the party appealing.

The facts are stated in the opinion of the court.

*Mr. Lewis Sanders* [*Mr. George N. Sanders* was with him on the brief] for plaintiff in error.

*Mr. Solicitor-General* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This suit was commenced in May, 1879, in a State court of New York, by Bernhard Arnson and Ellis Wilzinski, against Thomas Murphy, and removed into the Circuit Court of the United States for the Southern District of New York, to recover moneys paid to the defendant, as collector of the port of New York, between April 25, 1871, and November 30, 1871, as duties on several importations of nitro-benzole. The defendant set up, in his answer, that the moneys received were for lawful duties, and also pleaded the six years' limitation of the New York statute. The suit was tried, resulting in a verdict for the defendant, by direction of the court, followed by a judgment, to review which the plaintiffs sued out a writ of error, which came before this court at October term, 1883, and the decision on which is reported in 109 U. S. 238. It is there stated, that there had been due protests and appeals to the Secretary of the Treasury, but that no decision had been rendered by him thereon prior to the commencement of this action, and that it was not brought until after ninety days had elapsed from the date of the latest appeal, and not until after the lapse of more than six years from the expiration of that period. The Circuit Court having sustained the bar by the New York statute, this court reversed that ruling.

The cause of action arose while § 14 of the act of June 30, 1864, ch. 171, 13 Stat., 214, now embodied in Rev. Stat. § 2931, was in force, providing as follows: "On the entry of any vessel, or of any goods, wares, or merchandise, the decision of the collector of customs at the port of importation and entry, as to the rate and amount of duties to be paid on the tonnage of such vessel, or on such goods, wares, or merchandise, and the dutiable cost and charges thereon, shall be final and conclusive against all persons interested therein, unless the owner, master, commander, or consignee of such vessel, in the case of

duties levied on tonnage, or the owner, importer, consignee, or agent of the merchandise, in the case of duties levied on goods, wares, or merchandise, or the costs and charges thereon, shall, within ten days after the ascertainment and liquidation of the duties by the proper officers of the customs, as well in cases of merchandise entered in bond, as for consumption, give notice in writing to the collector on each entry, if dissatisfied with his decision, setting forth therein, distinctly and specifically, the grounds of his objection thereto, and shall, within thirty days after the date of such ascertainment and liquidation, appeal therefrom to the Secretary of the Treasury, whose decision on such appeal shall be final and conclusive; and such vessel, goods, wares, or merchandise, or costs and charges, shall be liable to duty accordingly, any Act of Congress to the contrary notwithstanding, unless suit shall be brought within ninety days after the decision of the Secretary of the Treasury on such appeal for any duties which shall have been paid before the date of such decision on such vessel, or on such goods, wares, or merchandise, or costs or charges, or within ninety days after the payment of duties paid after the decision of the Secretary. And no suit shall be maintained in any court for the recovery of any duties alleged to have been erroneously or illegally exacted, until the decision of the Secretary of the Treasury shall have been first had on such appeal, unless the decision of the Secretary shall be delayed more than ninety days from the date of such appeal in case of an entry at any port east of the Rocky Mountains, or more than five months in case of an entry west of those mountains." Section 2931 was in force when this suit was brought.

Section 3011 of the Revised Statutes, as amended by § 1 of the act of February 27, 1877, ch. 69, 19 Stat. 247, was also in force when this suit was brought, reading as follows : " Any person who shall have made payment under protest, and in order to obtain possession of merchandise imported for him, to any collector, or person acting as collector, of any money as duties, when such amount of duties was not, or was not wholly, authorized by law, may maintain an action in the nature of an action at law, which shall be triable by jury, to ascertain the

validity of such demand and payment of duties, and to recover back any excess so paid. But no recovery shall be allowed in such action unless a protest and appeal shall have been taken as prescribed in section twenty-nine hundred and thirty-one."

In view of these provisions, it was held by this court, in this case, that a suit against the collector was barred unless brought within ninety days after an adverse decision by the Secretary of the Treasury on an appeal; and that, while a suit might be brought after the expiration of ninety days from the appeal, in case there had not been a decision on the appeal, the claimant was not obliged to bring a suit until after such decision had been made. It was further held, that the effect of the legislation cited had been to convert the prior common-law action into one based wholly on a statutory liability, and regulated, as to all its incidents, by express statutory provisions, and, among them, "the conditions which fix the time when the suit may begin, and prescribe the period at the end of which the right to sue shall cease;" and that the legislation of Congress on the subject was exclusive of State laws. As, therefore, it appeared that this suit had been brought in time, under the act of Congress, because it appeared that no decision had been made on the appeals before this suit was brought, although more than seven years had elapsed, and the Circuit Court had applied the New York statute as a bar, this court reversed the judgment, and awarded a new trial. That trial has been had, resulting in a verdict for the defendant by direction of the court, and a judgment accordingly, to review which the plaintiffs have brought this writ of error.

The plaintiffs proved necessary preliminary matters and due protests and appeals to the Secretary of the Treasury. The latest of the appeals was taken November 29, 1871. The plaintiffs rested their case without having given any evidence as to whether there had or had not been any decision on any of the appeals. The defendant then offered in evidence decisions made by the Secretary on the appeals, one on July 12, 1871, and the rest on May 10, 1872, affirming the decisions of the collector. The evidence consisted of certified copies from

the Treasury Department, of letters of the above dates, from that Department to the collector of customs at New York, which letters were recorded in the Department. It was conceded by the plaintiffs that those letters were the decisions of the Secretary on the appeals in question, but the evidence was objected to by them on these grounds: (1) That the defence was not pleaded, it being one arising under a statute of limitation, and the object being to show that the suit was not brought within ninety days after decisions on the appeals: (2) That it did not appear that the decisions had been communicated to the plaintiffs. The court, without then ruling on the admissibility of the evidence, held that the plaintiffs, in addition to showing due protest and appeal, must, as a condition precedent to recovery, show either that the suit had been brought within ninety days after an adverse decision on the appeal, or that there had been no such decision, and the suit had been brought after the expiration of ninety days from the appeal. The plaintiffs excepted to this ruling, and then called as a witness one of the plaintiffs, and asked him if he had received any notice, before the suit was brought, of the decisions of the Secretary on the appeals. On an objection by the defendant that the evidence was immaterial, it was excluded, and the plaintiffs excepted. The defendant then again offered the decisions in evidence, and the plaintiffs objected on the grounds before stated. The objection was overruled, the plaintiffs excepted, and the papers were read in evidence. The court then directed a verdict for the defendant, on the ground that, the action being a statutory one, the plaintiffs had not complied with the statutory conditions, and the plaintiffs excepted.

The statute makes the decision of the collector final and conclusive as to the rate and amount of duties, unless there is a specific protest made to the collector within ten days after the liquidation, and an appeal taken to the Secretary of the Treasury within thirty days after the liquidation. The decision of the Secretary on the appeal is made final and conclusive, unless a suit is brought within ninety days after such decision, in the case of duties paid before the decision, or within ninety days after the payment of duties paid after the decision; and no suit

can be brought before a decision on the appeal, unless the decision is delayed for the time specified in the statute.

We are of opinion that it is incumbent upon the importer to show, in order to recover, that he has fully complied with the statutory conditions which attach to the statutory action provided for. He must show not only due protest and appeal, but also a decision on the appeal, and the bringing of a suit within the time limited by the statute after the decision, or else that there has been no decision, and the prescribed time after the appeal has elapsed. The decision on the appeal is, necessarily, a matter of record in the Treasury Department, and, as is shown in the present case, it is communicated to the collector by a letter to him, the letter itself being the decision. The letter is a matter of record in the custom house. Inquiry there or at the Treasury Department would always elicit information on the subject; and the importer, knowing when his appeal was taken, can always protect himself by bringing his suit after the expiration of the time named after the appeal, although he has not heard of a decision, being thus certain that he will have brought it within the time prescribed after a possible decision.

The conditions imposed by the statute cannot, any of them, be regarded as matters a failure to comply with which must be pleaded by the defendant as a statute of limitation. The right of action does not exist independently of the statute, but is conferred by it. There is no right of action on showing merely the payment of the money as duties, and that the payment was more than the law allowed, leaving any statute of limitation to be set up in defence, as in an ordinary suit. But the statute sets out with declaring that the decision of the collector shall be final and conclusive against all persons interested, unless certain things are done. The mere exaction of the duties is, necessarily, the decision of the collector, and, on this being shown in any suit, it stands as conclusive till the plaintiff shows the proper steps to avoid it. These steps include not only protest and appeal, but the bringing of a suit within the time prescribed. They are all successively grouped together in one section, not only in § 14 of the act of 1864, but in § 2931 of

the Revised Statutes; and the "suit" spoken of in those sections is the "action" given in Rev. Stat. § 3011.

The question involved is analogous to the one presented in *Cheatham* v. *United States*, 92 U. S. 85, which arose under § 19 of the act of July 13, 1866, ch. 184, 14 Stat. 152, in regard to internal revenue taxes. That section provided, that no suit should be maintained in any court for the recovery of any tax, until after an appeal to the Commissioner of Internal Revenue and his decision thereon, unless the suit should be brought within six months from the decision, provided that, if the decision should be delayed more than six months from the date of the appeal, the suit might be brought within twelve months from the date of the appeal. In that case, there was an assessment of a tax, a proper appeal, a setting aside of the assessment on appeal, a second assessment, less in amount, a payment of the second assessment, and a suit to recover back the money paid. But the suit was not brought within six months from the appeal taken, and there was no appeal from the second assessment. The court below having instructed the jury that the statute imposed a condition without which the plaintiffs could not recover, and was not merely a statute of limitation, and that the plaintiffs had no right of action, this court affirmed that ruling. It was urged that the requirement of bringing a suit within six months from the decision was a statute of limitation, and that the time under it could not begin to run till the cause of action accrued, which was not till the money was paid, and that time was, as to a larger part of the money, within six months before the suit was brought; and that the first appeal was the only one necessary to a right of action, because the modified assessment was paid under protest. But this court, while holding that an appeal from the second assessment was necessary to warrant a suit, also held, the opinion of the court being delivered by Mr. Justice Miller, that, if the appeal taken could be regarded as sufficient, the suit could not be maintained, because it was not brought within six months after the decision on that appeal. The view taken was, that the government had, by statute, as to both the customs and the internal revenue departments, prescribed the conditions on

which it would subject itself to the judgments of the courts in the collection of its revenues; and that the prescription of a time within which a suit must be brought for the purpose, is a condition on which alone the government consents to litigate the lawfulness of the original tax.

We are, therefore, of opinion that the Circuit Court properly held that it was incumbent on the plaintiffs, as a condition precedent to their recovery, to show not only due protests and appeals, but that the action was brought within the time required by the statute. This they failed to show, and it was proper to direct a verdict for the defendant.

In regard to the point taken, that, when the defendant introduced in evidence the decisions on the appeals, he did not show that they had been communicated to the plaintiffs, although this case is disposed of on the failure of the plaintiffs to make the proof necessary to recover, it is proper to say, as the question has been argued, that we see nothing in the statute which requires that the decision on the appeal shall be communicated to the claimant by any action of the officers of the government. All that the statute requires is that the Secretary shall make the decision. It is to be made in the usual way in which the decisions of the department are made. If, in any case, it should appear that, on due inquiry of the proper officers, a party had been misled to his prejudice, in regard to a decision on an appeal, a different question would be presented from any now before us.

We find no error in the record and the judgment is

*Affirmed.*