**JOHN F. JELKE CO. v. SMIETANKA,**
**Former Collector of Internal Revenue.**\*
No. 5735.

Circuit Court of Appeals, Seventh Circuit.
Nov. 27, 1936.

Rehearing Denied Dec. 9, 1936.

\*Writ of certiorari denied 57 S. Ct. 511, 81 L. Ed. —.

John E. Hughes, of Chicago, Ill., for appellant.

Robert H. Jackson, Sewall Key, and Joseph M. Jones, all of Washington, D. C., and Michael L. Igoe, of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

**LINDLEY, District Judge.**

Appellant, having sued the collector to recover an overpayment of income taxes, appeals from the judgment of the District Court in favor of appellee.

Early in 1918 appellant filed its income tax return for 1917 showing a tax due for that year of $562,605.33, which appellant paid, together with an additional tax of $79,974.91 later assessed. On July 31, 1919, appellant filed a claim for refund for part of the taxes paid, asserting an overpayment. The Commissioner determined that appellant had overpaid his tax in 1917 in the sum of $89,364.92, signing the schedules of refund and credits on July 12, 1923. Of this amount $11,057.71 was credited by the Commissioner to additional taxes due for the years 1909 to 1916 and was not refunded. The amount thus credited, was, under the act of Congress, barred from collection at the time, and it is for this sum that the present suit was begun.

Some seven years after the decision of the Commissioner, in 1930, appellant wrote to the Commissioner asking for refund of the amount credited, which he now demands. The Commissioner wrote, finally, in reply on September 12, 1930, that the credits had been made more than six years before and that the time for action had expired. Thereupon on October 8, 1930, appellant filed this suit.

Section 3226 of the Revised Statutes, as amended by section 1113 (a) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 116, provides that no suit shall be maintained for the recovery of taxes alleged to have been erroneously or illegally collected until a claim for refund shall have been filed with the Commissioner. The act further provides that "no such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates." The direct question presented, therefore, is whether a taxpayer may maintain an action against the collector to recover an overpayment for the year 1917 which in 1923 was credited to deficiencies for taxes for prior years, the collection for which was then barred, or more specifically whether, when the Commissioner determined in 1923 that there had been an overpayment but credited it to deficiencies then barred by the statute of limitations, such action amounted to a disallowance of the claim for refund so that an action to recover must be instituted within two years of that date.

Appellant contends, first, that this provision of the statute is in effect a limitation upon the remedy and that appellee, having filed no plea of the statute of limitations, the court was powerless to consider such defense.

Where the limitation is in the nature of a condition to plaintiff's cause of action, he must allege facts showing that his action is within the statutory period, the limitation going to the right of action itself as well as to the remedy. 37 C.J. 1200, 1201. This rule is applicable to actions against individuals as well as to actions against the government. This doctrine is well expressed in Mason-Heflin Coal Co. v. Currie, 270 Pa. 221, 113 A. 202, 203, where the court said: "There is a vital distinction between cases where the claim was originally enforceable by suit, but recovery thereof may or may not

have been lost by a failure to bring it within the time prescribed by the statute of limitations; and those * * * where the claim never was enforceable unless the statutory requirements were observed. Under the former, the facts necessary to take the case out of the statute need not be set forth * * * under the latter, which are in effect proceedings for specific performance of the contract * * * they must be averred in order to show a recovery, may be had under the statute."

The Circuit Court of Appeals for the First Circuit in American R. Co. v. Coronas, 230 F. 545, 546, L.R.A.1916E, 1095, in discussing the right of action under the Federal Employers' Liability Act (45 U.S.C.A. §§ 51–59), said:

"The language of the act makes it plain that the right and correlative liability thereby established are conditional upon the bringing of the suit within two years from the day the cause of action accrued. The bringing of the action, therefore, within the specified time, is a condition to the exercise of the right, and, if the condition is not complied with, the parties stand, with respect to the wrongful act, as though the statute had not been enacted. The limitation relates, not merely to the remedy, but to the right. * * * And it was incumbent upon the plaintiff to allege and prove that his cause of action was brought within the time limited."

"In the internal-revenue branch, it [the government] has further prescribed that no such suit shall be brought until the remedy by appeal has been tried; and, if brought after this, it must be within six months after the decision on the appeal. We regard this as a condition on which alone the government consents to litigate the lawfulness of the original tax. * * * It is essential to the honor and orderly conduct of the government that its taxes should be promptly paid, and drawbacks speedily adjusted; and the rule prescribed in this class of cases is neither arbitrary nor unreasonable." Cheatham v. United States, 92 U.S. 85, 89, 23 L.Ed. 561.

In Phillips Co. v. Grand Trunk R. Co., 236 U.S. 662, 35 S.Ct. 444, 445, 59 L.Ed. 774, in discussing the provisions of the Hepburn Amendment (34 Stat. 584), that all complaints for the recovery of damages should be filed within two years from the time the cause of action accrues and not after, the court said: "It is argued, however, that under the Conformity Act [28 U.S.C.A. § 724] the case is to be governed by the Michigan practice, which does not permit a defendant to take advantage of the statute of limitations by a general demurrer to the declaration. But that rule does not apply to a cause of action arising under a statute which indicates its purpose to prevent suits on delayed claims, by the provision that all complaints for damages should be filed within two years, and not after."

Under such a statute the lapse of time not only bars the remedy but destroys the liability (Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128), whether complaint is filed with a commission or suit is brought in a court of competent jurisdiction.

In Retzer v. Wood, 109 U.S. 185, 3 S. Ct. 164, 27 L.Ed. 900, relied upon by appellant, the court did not deem the statute relied upon as one which imposed a condition under which the remedy might be asserted and noncompliance with which would extinguish the cause of action as well as the remedy, but rather, as a statute of limitation. We prefer to follow Arnson v. Murphy, 115 U.S. 579, 6 S.Ct. 185, 186, 29 L.Ed. 491, which, although it deals with the customs statutes, was based upon language as follows: "No suit shall be maintained in any court for the recovery of any duties alleged to have been erroneously or illegally exacted, until the decision of the secretary of the treasury shall have been first had on such appeal unless the decision of the secretary shall be delayed more than 90 days from the date of such appeal in case of an entry at any port east of the Rocky Mountains, or more than five months in case of an entry west of those mountains."

The court said: "We are of opinion that it is incumbent upon the importer to show, in order to recover, that he has fully complied with the statutory conditions which attach to the statutory action provided for. He must show * * * a decision on the appeal, and the bringing of a suit within the time limited by the statute after the decision, or else that there has been no decision, and the prescribed time after the appeal has elapsed. * * * The conditions imposed by the statute cannot any of them be regarded as matters a failure to comply with which must be pleaded by the defendant as a statute of limitation. The right of action does not exist independently of the

statute, but is conferred by it. * * * We are therefore of opinion that the circuit court properly held that it was incumbent on the plaintiffs, as a condition precedent to their recovery, to show not only due protests and appeals, but that the action was brought within the time required by the statute."

The logic of the situation is stated by Mr. Justice Lamar in Central Vermont Ry. Co. v. White, 238 U.S. 507, 35 S. Ct. 865, 867, 59 L.Ed. 1433, Ann.Cas. 1916B, 252, where it was contended that the state procedure should be followed. The court said: "There can, of course, be no doubt of the general principle that matters respecting the remedy—such as the form of the action, sufficiency of the pleadings, rules of evidence, and the statute of limitations—depend upon the law of the place where the suit is brought (McNiel v. Holbrook, 12 Pet. [84], 89, 9 L.Ed. [1009] 1011). But matters of substance and procedure must not be confounded because they happen to have the same name. For example, the time within which a suit is to be brought is treated as pertaining to the remedy. But this is not so if, by the statute giving the cause of action, the lapse of time not only bars the remedy, but destroys the liability." To the same effect are Public Service R. Co. v. Herold (C.C.A.) 229 F. 902; Commissioner of Louisville Sinking Fund v. Buckner (C.C.) 48 F. 533, 535; Stern v. La Comp. Generale Trans. Atlantique (D. C.) 110 F. 996.

■ So here, it was necessary that appellant, before he could successfully maintain his cause of action, show compliance with all conditions provided by the statute, including the requirement that such suit be instituted within two years of the disallowance of the claim for refund.

[4] Nor do we believe that the enactment of sections 607 and 609 of the Revenue Act of 1928 (26 U.S.C.A. §§ 1670(a) (2), 1675), superseded the remedy provided by section 3226. This question was involved in Hearn & Son v. United States, 8 F.Supp. 698 (Ct.Cl.), certiorari denied 294 U.S. 722, 55 S.Ct. 550, 79 L.Ed. 1254. We agree with that court that it is still necessary to file a proper claim for refund and to bring suit within the period specified by section 3226, unless the suit is based upon some other theory of recovery.

■ The District Court concluded that the action of the Commissioner on July 27, 1923 was, within the meaning of the words of the statute, a disallowance of the claim for refund. It pointed out that it was in fact an allowance of a credit but that it was also, in practical effect, a disallowance of a refund. We agree with this conclusion. The effect of the action of the Commissioner was to decide that no money should be repaid or refunded to appellant. Whether the commissioner arbitrarily and wrongfully retained the funds, or whether he improperly applied them as a credit, seems to us immaterial. The intent of Congress evidently was to make the action of the Commissioner in refusing repayment the starting point from which the right to begin suits should run. It matters not how erroneous the Commissioner's action may have been, or that his refusal to refund was based upon a misconception of what should be done with the money in question. Rather, it is a question of what was the legal effect of his action. We believe that when he signed the schedules of credits and refunds the inevitable effect of his action was an adjudication that no part of the money claimed for refund should be repaid. It was to all intent and purposes a disallowance of the claim for refund, and appellant, if he sought to test the validity of such action, was bound to begin his suit within two years from that date. Having failed to do so, his action, as the District Court held, must fail. Pratt & Whitney Co. v. United States, 6 F.Supp. 574 (Ct. Cl.), certiorari denied, 295 U.S. 760, 55 S.Ct. 919, 79 L.Ed. 1702; Arthur C. Harvey Co. v. Malley, 60 F.(2d) 97 (C.C.A. 1).

In Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L. Ed. 1018, relied upon by appellee, the court's conclusion was that a suit based upon determination and certification by the Commissioner that the taxpayer was entitled to refund of a specified amount is not barred by section 3226 but rather only by the lapse of five years from the payment of the tax. The point here presented was not there involved and we do not deem the language therein pertinent to the present controversy. This is especially true in view of the later language of Mr. Justice Cardozo in Daube v. United States, 289 U.S. 367, 53 S.Ct. 597, 599, 77 L.Ed. 1261, wherein, in commenting

upon Bonwit Teller & Co. v. United States, supra, he said: "It is a ruling not to be extended through an enlargement of the concept of an account stated by latitudinarian construction."

Appellant having failed to comply with the statute, the judgment against him is affirmed.