### ARABI PACKING CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.
### No. 9099.

Circuit Court of Appeals, Fifth Circuit.
Jan. 26, 1940.

SIBLEY, Circuit Judge, dissenting.

Milton R. DeReyna and H. W. Robinson, both of New Orleans, La., for petitioner.

F. E. Youngman and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, Raymond F. Brown and Charles J. Munz, Jr., Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a decision of the United States Processing Tax Board of Review, dismissing for lack of jurisdiction a claim for refund of taxes paid under the Agricultural Adjustment Act, c. 25, 48 Stat. 31, 7 U.S.C.A. § 601 et seq. The case comes to this court by petition, pursuant to Section 906 (g) of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 1750, 7 U.S.C.A. § 648 (g). The issue presented is whether the taxpayer's petition for refund states facts sufficient to warrant recovery of the amount claimed.

The taxpayer is a corporation, with its principal place of business at Arabi, Louisiana. Its petition filed with said Board of Review alleges that it slaughtered hogs for Viking Packing Company, Inc., and others who were engaged in the processing and wholesaling of meats; that these co-processors furnished petitioner with funds to pay said taxes, which, under the regulations then in force, had to be paid solely by petitioner as the final processor; that, in the payment of these taxes, petitioner acted only as agent for its said principals who were barred from direct recovery, not having been the immediate disbursers of the cash to pay the taxes. Petitioner, therefore, sought recovery as agent of said co-processors.

Processing taxes were imposed pursuant to Section 9 of the Agricultural Adjustment Act, supra, upon the first domestic processing of certain so-called basic agricultural commodities, including hogs. In United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, and Rickert Rice Mills v. Fontenot, 297 U.S. 110, 56 S. Ct. 374, 80 L.Ed. 513 and 297 U.S. 694, 56

S.Ct. 438, 439, the Supreme Court held the taxing provisions of the act unconstitutional. Thereafter, under the Revenue Act of 1936, c. 690, 49 Stat. 1648, 1747, Title VII (Sections 901 to 917, 7 U.S.C.A. §§ 623 note, 644-659), the refund of amounts so collected were authorized by the Congress subject to certain conditions and limitations. Cf. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143.

The Board of Review was given jurisdiction to review only claims of taxpayers who paid processing taxes upon the processing of commodities used in their own business. The amount sought to be recovered in this action represents taxes paid with respect to the processing of an agricultural commodity for customers for a charge or fee, and the Board of Review had no jurisdiction to review the Commissioner's disallowance of the claim. The taxpayer, and not its customers, was held liable for the tax, and it was paid by petitioner as taxpayer and not as agent. The fact that the taxpayer required its customers to advance the funds with which to pay this tax did not make them liable under the law for such taxes. The additional amount collected for this purpose merely represented an additional charge for the services rendered.

Suits for the recovery of taxes may be maintained against the Government only under such conditions and subject to such limitations as the Congress may prescribe. Collector v. Hubbard, 12 Wall. 1, 13, 14, 20 L.Ed. 272; Cheatham v. United States, 92 U.S. 85, 89, 23 L.Ed. 561; Arnson v. Murphy, 115 U.S. 579, 584-586, 6 S.Ct. 185, 29 L.Ed. 491; Kings County Savings Institution v. Blair, 116 U.S. 200, 206, 6 S.Ct. 353, 29 L.Ed. 657; United States v. Michel, 282 U.S. 656, 659, 51 S.Ct. 284, 75 L.Ed. 598; United States v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859. Failure to comply strictly with the conditions upon which the Government consents to be sued is jurisdictional. United States v. Chicago Golf Club, 7 Cir., 84 F.2d 914, 106 A.L.R. 209. This is true even though it attaches to its consent purely formal conditions. Rock Island, A. & L. R. Co. v. United States, 254 U.S. 141, 41 S.Ct. 55, 65 L. Ed. 188. An essential condition to the recovery of any amount paid as tax under the Agricultural Adjustment Act is contained in Section 902 of the 1936 Act, supra, which provides that no refund shall be made unless the claimant establishes:

"(a) That he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, (1) through inclusion of such amount by the claimant, or by any person directly or indirectly under his control, or having control over him, or subject to the same common control, in the price of any article with respect to which a tax was imposed under the provisions of such Act [this chapter], or in the price of any article processed from any commodity with respect to which a tax was imposed under such Act [chapter], or in any charge or fee for services or processing; (2) through reduction of the price paid for any such commodity; or (3) in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he may be relieved of the burden of such amount, be reimbursed therefor, or may shift the burden thereof; or

"(b) That he has repaid unconditionally such amount to his vendee (1) who bore the burden thereof, (2) who has not been relieved thereof nor reimbursed therefor, nor shifted such burden, directly or indirectly, and (3) who is not entitled to receive any reimbursement therefor from any other source, or to be relieved of such burden in any manner whatsoever."

We think the decision of the Board should be affirmed, as both the claim for refund and the petition before the Board fail to show that the taxpayer has borne the burden of the amount claimed.

Affirmed.

SIBLEY, Circuit Judge (dissenting).

Both the Commissioner and the Board of Review have, I think, dealt with this case too narrowly and technically. The claim for refund and the petition for review, taken together, disclose that the hogs processed were owned by Viking Packing Company and others, who employed Arabi Packing Company to slaughter them for $1 apiece. Heavy taxes were exacted on this processing of the hogs, Arabi not adding the tax to the fee, but rendering a separate bill for the tax. One of the owners sought to pay the tax direct, but was refused. So they all paid the tax through Arabi, notifying Arabi that they regarded it as unconstitutional and would seek its recovery. After unconstitutionality was decided by the Supreme Court, Viking sought a direct refund from the Government, but the Commissioner ruled that claim could be made only by the person who made the payment to the Government. Thereafter Viking filed suit against Arabi, but without trying it, authorized and requested Arabi in writing to file claim for $13,706 paid by Viking as taxes, "on behalf of and for the use and benefit of Viking." Other hog owners orally gave a like authority; and the present claim, presented by Arabi on next to the last day limited therefor, is expressly for the use of these hog-owners.

The Commissioner rejected the claim because it disclosed that Arabi had not borne the tax but had obtained the money from the hog-owners, refusing to consider it as a claim in their behalf. I think they could have made claim in their own names, for in objects and in machinery the Agricultural Adjustment Act parallels the Bankhead Cotton Act, 48 Stat. 598, and the ginning tax under the latter is like the processing tax here involved when the processor is not the owner of the commodity processed. In Stahlmann v. Vidal, 305 U.S. 61, 59 S.Ct. 41, 83 L.Ed. 41, it was held the cotton owner and not the ginner was in mind in placing the ginning tax, that it was required that the ginner pay it, but he was expected to collect it from the owner, and when the owner paid through the ginner the owner had a standing in court to sue for refund. Processing taxes under the Agricultural Adjustment Act may not be sued for in a court, but the owner of the commodity processed by another, if he pays and bears the burden of the tax, may for like reasons seek refund before the Commissioner and the Board of Review. The statute providing for refunds, Sects. 902, 906, 907, of the Revenue Act of 1936, 49 Stats. 1747, 7 U.S.C.A. §§ 644, 648, 649, never speaks of the payer of the tax, but only of the "claimant", and emphasizes everywhere that the important thing is not who delivered the money to the Collector, but who has "borne the burden of the tax", and whether it has been "passed on" or "shifted". Section 907, dealing with proof and presumptions, relates wholly to the owner who sells, and not the processor for hire who is a mere bailee or in some cases a servant. He who has the substantial right ought to be the claimant. But when the Commissioner elects to require that the processor for hire alone be dealt with, refusing to hear the owner who bore the tax burden from the beginning, he cannot play fast and loose

with the matter and refuse to consider the owner's rights when presented through the processor.

The Board of Review, three members dissenting, took entirely different ground; that under Section 906 (a) they had jurisdiction only over "processing taxes" as defined in Section 913(b), 7 U.S.C.A. § 655 (b), and the definition is: "The term 'processing tax' means any tax or exaction denominated a 'processing tax' under this title [chapter], but shall not include any amount paid or collected as tax with respect to the processing of a commodity for a customer for a charge or fee." Since the processing here was for a fee, the tax on it was not a processing tax, say they. Put otherwise, if Viking had killed its own hogs, paying the tax, it would be refundable; but having employed Arabi at $1 per head to kill them, the same tax, paid by Viking, is to be kept by the Government. There is verbal plausibility in the position, but I cannot think it the true construction of the provision. The statute is a remedial statute and to be liberally construed in advancement of the remedy. It was upheld as the exclusive remedy for obtaining refund of the unconstitutional processing taxes only by construing it to afford a complete remedy as respects all questions. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143. It is not to be supposed that the Congress, recognizing that the Government had unconstitutionally taken money as processing taxes, in providing for its restoration would make a law arbitrarily unequal as respects taxpayers who had the taxed processing done for a fee by another. The words of the definition may be construed as excepting only claims by those who charged the fee, for they alone have "customers", and they could have collected the tax from them or else have refused to do the work. This construction would make the exception from the remedy less extensive and less arbitrary. It would deny refund to Arabi, but permit it to the customers. It should be adopted. What Viking paid because of what was done to its hogs was a processing tax when paid. There is no justice in saying it is not that on a question of refund. The Board should have given the hearing "on the merits of the claim" provided in Section 906(c), treating the usees as the substantial claimants, and applying Section 907 in ascertaining whether the burden of their tax had been shifted by them to others.