## A. G. REEVES STEEL CONST. CO. v. WEISS.

### No. 8603.

Circuit Court of Appeals, Sixth Circuit.

May 9, 1941.

John E. Hughes, of Chicago, Ill., for appellant.

Carlton Fox, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst.Atty. Gen., Sewall Key and Warren F. Wattles, Sp. Assts. to Atty. Gen., and Emerich B. Freed and Francis B. Kavanagh, both of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, HAMILTON and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant, A. G. Reeves Steel Construction Company, appeals from a judgment, dismissing its petition for the recovery of income and excess profits taxes which it claims to have overpaid to appellee's decedent as Collector.

On September 15, 1919, appellant filed with the decedent, Collector of Internal Revenue for the Eighteenth Collection District of Ohio, its income and excess profits tax return for the tax year 1918, showing taxes due of $201,516.14, all of which it paid.

On June 12, 1922, appellant filed with the same Collector an amended income and profits tax return for the year 1918 showing a tax liability of $115,630.34 and on March

15, 1923, it filed with the same Collector, on form provided by the Commissioner of Internal Revenue, claim for refund of $146,000 of income and excess profits taxes claimed to have been overpaid by it for the year 1918 and referred to its amended return as a basis for the claim. On February 2, 1924, the Commissioner of Internal Revenue, by letter advised appellant that the claim for 1918 was allowed in the sum of $54,841.40.

On May 15, 1920, appellant filed with the same Collector, its income and excess profits tax return for the year 1919 showing a tax due of $148,199.66, which it paid.

On June 12, 1922, appellant filed with the same Collector an amended income and excess profits tax return for the year 1919 and showed taxes due of $109,820.77 and requested that its amended return be treated as a refund claim for the difference in taxes shown to be due on it and appellant's original return. Thereafter the Commissioner of Internal Revenue made an audit and review of appellant's books and records for the year 1919 and as a result notified appellant by letter dated February 2, 1924, that it had overpaid its taxes for the year 1919 in the sum of $34,764.26. On March 3, 1937, appellant instituted this action against appellee, executrix of the estate of Harry H. Weiss, former Collector of Internal Revenue for the Eighteenth Collection District of Ohio, who died October 12, 1935. Appellant seeks to recover $89,605.66 with interest, which aggregates the amounts found by the Commissioner of Internal Revenue to have been overpaid by it for the years in question. This sum is $94,772.23 less than the aggregate amount appellant asked for refundment in its claims.

Appellant alleges in its petition it is not suing on an account stated, but is bringing its action under the Internal Revenue laws for money had and received. Appellee filed motion to dismiss the petition on two grounds, (1) that the court lacked jurisdiction, (2) that the petition failed to state facts sufficient to constitute a cause of action. The court sustained the motion on the latter ground, hence this appeal.

Section 281(a) of the Revenue Act of 1924, U.S.C.A. Title 26, Internal Revenue Acts, p. 62, provides that where there has been an overpayment of any income, war profits or excess profits taxes for that or any prior year beginning with 1909, the amount of such overpayment shall be credited against any excise, income, war profit or excess profits taxes due from the taxpayer and the balance, if any, refunded immediately to him.

Appellant's petition is silent on what disposition, if any, the Commissioner of Internal Revenue made of the allowable refunds for the respective years, except it is alleged they have not been disallowed, but on the contrary, have been allowed in the amounts of $54,841.40 for the year 1918 and $38,377.89 for the year 1919. There is a presumption that the Commissioner, in compliance with the foregoing statute credited the above sums against taxes owed by appellant for other years [Plymouth Coal Company v. Pennsylvania, 232 U.S. 531, 545, 34 S.Ct. 359, 58 L.Ed. 713; Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440] which presumption, however, we are not required to depend upon in order to determine the facts essential to a correct decision of the case at bar. The general rule is that a court will not go outside the record before it to take notice of the proceedings in another case even between the same parties and in the same court, unless such proceedings are put in evidence. National Surety Company v. United States, 9 Cir., 29 F.2d 92; Paridy v. Caterpillar Tractor Company, 7 Cir., 48 F.2d 166. The dictates of common sense and the demands of justice provide an exception to this rule that in order to reach a just result and bring an end to litigation, courts will make use of established and uncontroverted facts not formally of record in the pending litigation where such facts may be ascertained from an examination of the facts and pleadings in former cases in the appellate court between at least one of the parties and others relating to the same subject matter. "The court has the right to examine its own records and take judicial notice thereof in regard to proceedings formerly had therein by one of the parties to the proceedings now before it." Dimmick v. Tompkins, 194 U.S. 540, 548, 24 S. Ct. 780, 782, 48 L.Ed. 1110. Compare De Gallard de Brassac de Bearn v. Safe Deposit Company, 233 U.S. 24, 32, 34 S.Ct. 584, 58 L.Ed. 833; United States v. California Canneries, 279 U.S. 553, 555, 49 S.Ct. 423, 73 L.Ed. 838; Bienville Water Supply Company v. Mobile, 186 U.S. 212, 217, 22 S.Ct. 820, 46 L.Ed. 1132; Freshman v. Atkins, 269 U.S. 121, 124, 46 S.Ct. 41, 70 L.Ed. 193; Butler v. Eaton, 141 U.S. 240, 244, 11 S.Ct. 985, 35 L.Ed. 713.

Availing ourselves of this privilege because of the necessities of the case and making reference to the records of this court, it appears that the subject matter of this litigation has been here considered on two different occasions. In the case of Routzahn v. Reeves Bros., 6 Cir., 59 F.2d 915, 916, appellant here sought to recover $61,218.13 of the sum asked in this action on the ground that it had been credited by the Collector against appellant's additional income and excess profits taxes for 1917, after the collection of taxes, from it for that year had been barred by the statute of limitations. There the record showed that Collector Routzahn had received from the Commissioner of Internal Revenue a "Schedule for Overassessments" which included the sums here involved and this schedule was accompanied by another styled "Schedule of Refunds and Credits" which also included the sums here involved. Upon the Schedule of Overassessments was printed the "Authorization of Commissioner" to the Collector to check the appellant's accounts in his office, which the Collector did and found that for 1918 and 1919 appellant had overpaid its taxes the exact amount here sought and thereupon credited this amount against an additional assessment of $95,527.60 made by the Commissioner against appellant for 1917.

He also entered the same sum as a credit on the "Schedule of Refunds and Credits" and certified both schedules to the Commissioner. The Commissioner entered his certificate upon the Schedule of Refunds and Credits in his office and closed the accounts. This court there decided that as Collector Routzahn had not in fact received any of the taxes sought to be recovered, the action failed as to him.

In the case of United States v. Reeves Bros., 6 Cir., 83 F.2d 121, appellant here, appellee there, sought to recover from the United States the same sums as are involved in the case at bar, except that action was based on a credit of them to deficiency taxes owed for 1917 by appellant, after the bar of the statute of limitations had fallen. In that case the same facts appeared as in the former action except the record showed that on May 6, 1924, the Commissioner of Internal Revenue authorized the Disbursing Clerk of the Treasury Department to apply appellant's overpayment of taxes for 1918 and 1919 to its underpayment of taxes for the year 1917. This court decided in that case that the sum sought to be recovered was in excess of $10,000 and the District Court was without jurisdiction to entertain appellant's suit, 28 U.S.C.A. § 41(20). With these additional facts supplied, it appears that appellant filed its claim for refund for 1918 on March 15, 1923, and filed its claim for 1919 on June 12, 1922, and that the Commissioner of Internal Revenue and the Secretary of the Treasury disposed of each of them on March 6, 1924, by allowing $54,841.40 for 1918 and $34,764.26 for 1919 and applying both sums against appellant's additional taxes for the calendar year 1917, in accordance with Section 281(a) of the Revenue Act of 1924.

Appellant instituted this action March 3, 1937, approximately thirteen years after the certificates of overassessment were issued and applied to underassessments. Section 1103(b) of the Revenue Act of 1932, 47 Stat. 286, 26 U.S.C.A. Int.Rev.Acts, p. 324, amending Section 3226 of the Revised Statutes, as re-enacted in Section 1113(a) of the Revenue Act of 1926, 44 Stat. 116, forbids a suit to be brought for the recovery of taxes more than five years after their payment "unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates."

Section 1014 of the Revenue Act of 1924, U.S.C.A. Title 26, Internal Revenue Acts, p. 128, provides the Commissioner of Internal Revenue shall, within ninety days after the disallowance of a refund claim, notify the taxpayer thereof by mail. The record in the present case and the records in the two former appeals show that on February 2, 1924, the Commissioner by letter notified the appellant that its allowable refunds for 1918 and 1919 were being credited to additional taxes owed by it for the year 1917.

The only question for our determination is, did the foregoing letter to the appellant constitute notice to it of the disallowance of its refund claims, because if it did, appellant, having instituted this suit more than two years after the disallowance of its claim and more than five years after the date of the payments sought to be recovered, its action is barred by the applicable statute of limitation. We think the word "disallowance" as used in the statute should receive a reasonable interpretation in the light of its purpose.

The statutory provisions requiring the Commissioner to credit overassessments

against a beneficiary taxpayer's underassessments for other years, or if no such taxes are due, to make immediate refunds to the taxpayer, are not inconsistent, but correlative and integrated. The application of overassessments to underassessments is highly remedial with the obvious legislative intent to mitigate the burdens of taxpayers assessed with additional or deficiency taxes when such taxpayers have overpaid their taxes for other years and also to expedite and simplify settlements between the Government and its taxpayers.

The statutory requirement of filing refund claims before the institution of suits by the taxpayer and the postponement of action for a reasonable period, are for the purpose of avoiding vexatious and expensive litigation and to afford an opportunity to the Treasury to consider the taxpayer's claim and make refund if taxes have been erroneously collected. It is evident that a reasonable interpretation of the statutes will not permit a taxpayer who has made overpayments to have uncontrolled discretion as to when he claims refunds. It is the definite policy of the Congress, gathered from the language of all the Revenue Acts, to prescribe periods of limitation for the exercise of the right to recover taxes which have accrued. Even the Government's inalienable legal right to taxes is restricted by a period of limitation in their assessment and collection. Statutes of limitation similarly control the rights of taxpayers and those who sleep on their rights may find themselves destitute of remedy. Only the vigilant will prevail.

A proper interpretation of the present statute does not make it necessary that any particular form should be used by the Commissioner in allowing or rejecting a claim for refund. If the taxpayer has adequate notice of the Commissioner's action on the claim, either allowing or rejecting it, such notice is sufficient to start the running of the statute of limitations.

When the Commissioner in the case at bar computed the amount of refunds to be made to the appellant for each of the years involved and credited such refunds upon taxes owed by appellant for other years, and notified it of that fact, the Commissioner rejected the claims. Gans, S S Line v. United States, 2 Cir., 105 F.2d 955; Pratt & Whitney Company v. United States, Ct.Cl., 6 F.Supp. 574; First National Bank of Beaver Falls v. United States, Ct.Cl., 8 F.Supp. 484; John F. Jelke Company v.

Smietanka, 7 Cir., 86 F.2d 470; Moses v. United States, 2 Cir., 61 F.2d 791. The case of United States v. Bertelsen & Peterson Engineering Company, 306 U.S. 276, 59 S.Ct. 541, 83 L.Ed. 647, relied on by appellant is not contrary. In our opinion appellant's action was barred by the Statute of Limitations at the time of its institution.

Appellant urges on us that the present statute is in effect a limitation upon the remedy and that appellee having failed to plead it as a defense, we are powerless to consider its applicability on this appeal. This contention must be denied. Under the Rules of Civil Procedure, Rule 9(f), 28 U. S.C.A., following section 723(c), for the purpose of testing the sufficiency of a pleading, averments of time are material. Since time is material in an action to recover taxes, a motion to dismiss because the statute of limitation has run, may be utilized without an affirmative defensive plea or supporting affidavits, whenever the time alleged in the petition shows that the cause of action has not been brought within the statutory period. The burden rested on the appellant in this action to allege and prove that its cause was brought within the time limit. Cheatham v. United States, 92 U.S. 85, 89, 23 L.Ed. 561; A. J. Phillips Company v. Grand Trunk Railroad Company, 236 U.S. 662, 667, 35 S.Ct. 444, 59 L.Ed. 774; John F. Jelke Company v. Smietanka, supra.

Under the statutes here involved the lapse of time not only barred the remedy, but also destroyed the liability of the appellee to refund the taxes. Finn v. United States, 123 U.S. 227, 232, 8 S.Ct. 82, 31 L.Ed. 128; Arnson v. Murphy, 115 U.S. 579, 585, 6 S.Ct. 185, 29 L.Ed. 491.

The record clearly shows that appellant did not institute its action within two years after the disallowance of its claims for refund. The question of the applicable statute of limitation may be considered on this appeal.

Appellee insists that appellant's action is upon an account stated and therefore the court lacked jurisdiction. United States v. Reeves Bros., supra; Bonwit Teller & Company v. United States, 283 U. S. 258, 265, 51 S.Ct. 395, 75 L.Ed. 1018. This action lacks the essential characteristics of an account stated. No balance was arrived at as the result of computation and agreement of the parties. Appellant did not give assent either expressly or by

silence to the credit of the overassessments on the underassessment for the prior year.

An account stated is an agreed balance of accounts, express or implied, and presupposes an absolute acknowledgment or admission of certain sums due or an adjustment of accounts between parties, striking of balance and assent, express or implied. Stearns Co. v. United States, 291 U.S. 54, 65, 54 S.Ct. 325, 78 L.Ed. 647; Daube v. U. S., 289 U.S. 367, 370, 53 S.Ct. 597, 77 L.Ed. 1261. Here there was no account stated. The court had jurisdiction.

Judgment affirmed.