Ronald and Denise STRONG, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 99–71503.

United States District Court,
E.D. Michigan,
Southern Division.

April 28, 2000.

Oksana O. Xenos, Rubenstein, Issacs & Xenos, Southfield, MI, for Plaintiff.

Sheila H. Gaskel, Asst. U.S. Attorney, Detroit, MI, Michael W. Davis, Trial Atty., Tax Division, U.S. Dept. fo Justice, Washington, DC, for Defendant.

## OPINION

FEIKENS, District Judge.

### I. Introduction

In 1999, Ronald and Denise Strong (the Strongs) filed an action against the United States seeking to compel the Internal Revenue Service to refund taxes erroneously paid. At a hearing held on February 22, 2000, I ruled that a letter dated July 20, 1993 was a valid letter of disallowance, which began the two year limitation period in which the Strongs had to file their action in court. Since the limitations period had expired, I dismissed the action for lack of subject matter jurisdiction.

The Strongs now seek relief from the order dismissing their claim, and leave to amend their complaint. They seek relief pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure, claiming they have new evidence. In the alternative, they would like me to amend the judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure.

### II. Factual Background

The Strongs timely filed their 1988 joint federal individual income tax return. The IRS audited the return. As a result of the audit the IRS proposed changes which assessed the Strongs an additional $32,046 in tax, plus penalties and interest. On May 18,

1991, the Strongs both signed a *Consent to Assessment and Collection* which provided a statement declining appeal to the IRS or the U.S. Tax Court of the assessment and findings of that report.

Between October 1991 and December 1992 the Strongs fully satisfied their tax liability ($67,072.80 after added penalties and interest) as determined in the Consent Assessment. They also filed an Amended U.S. Individual Income Tax Return requesting a refund of $27,488.

On July 20, 1993, the IRS sent the Strongs a letter by certified mail which stated, in relevant part:

"This letter is your legal notice that we have disallowed your claim. We cannot allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below."

Included with the letter was IRS Publication I (*Your Rights as a Taxpayer*). This included in it on the third page a statement that they could "take the case to the U.S. Claims Court or [their] U.S. District Court".

On March 30, 1999, nearly six years later, the Strongs filed an action seeking the refund. The government moved to dismiss the Strongs' complaint on the grounds that the limitations period for the recovery of taxes or penalties given to the IRS had expired. The Strongs responded, arguing the letter was too ambiguous to have begun the limitations period. The Strongs contended that because the letter did not specifically warn them they had two years in which to file suit, the letter was an invalid notice of disallowance. In the government's reply, a footnote referred to a second letter, dated July 17, 1995. This letter did have the explicit statute of limitations language in it, and the brief emphasized that the Strongs did not file a timely suit even under the auspices of that letter.[1]

The timeliness of the government's reply is questionable, but the attorney for the Strongs verified that she had received the reply and a copy of the second letter the day before the hearing.

At the hearing held February 22, 2000, after considering the arguments and briefs of counsel, I found that the first letter of disallowance, dated July 20, 1993, was a valid letter of disallowance. Thus, the mailing date began the limitations period, and I did not have subject matter jurisdiction at the time the Strongs filed their suit. The action was therefore dismissed in an order dated March 14, 2000.

### III. Issue

The sole issue at this time is whether the Strongs present evidence which necessitates relief from the judgment of March 14, 2000.

### A. Motion for Relief Pursuant to Rule 60(b)(2)

Under the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment on the grounds of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial. *Federal Rules of Civil Procedure* 60(b)(2). The United States Court of Appeals for the Sixth Circuit has held that in order to succeed under Rule 60(b)(2), a movant must demonstrate two things: (1) that it exercised due diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (1998). The evidence cannot be merely impeaching or cumulative. *Id.*

In this case, the newly discovered evidence that the Strongs urge me to consider is the second letter from the IRS disallowing their refund dated July 17, 1995. I first note that this can hardly be considered "new evidence" in the plain meaning of the words since it was submitted by the government in reply to the Strongs' response to the motion to dismiss, and the Strongs had a copy in their possession at the time of the hearing. However, even giving the Strongs all the leeway necessary to accept this as new evidence, this evidence simply does not meet the Sixth Circuit test. The second letter is not

---

1. The government asserted that this second letter did not change the legal effect on the two year statute of limitations of the first notice, and that it was included only to demonstrate the Strongs' failure to abide by any time schedule.

material or controlling; the Strongs do not argue that they relied the second letter[2]. To say the letter would have produced a different result is clearly inaccurate since I did indeed have it before me at the time I made my ruling.

At the February 22 hearing, I asked the attorney for the Strongs to point to anything in this case that made the first letter at all ambiguous. She pointed to the language of the first letter and contrasted it with the language of the second letter now presented as new evidence. she claimed that because the first letter did not specifically state the Strongs had two years from the date of mailing of the letter to file suit that the letter was ambiguous. That argument was not then nor is it now persuasive[3].

Rule 60 was not created to give plaintiffs a second chance to argue facts that could have been or were argued at the time of the original judgment. In this case, all of the facts that are in this motion were available to the Strongs at the time of my ruling in February. There is no reason to grant the motion based on new evidence.

### B. Motion to Amend the Judgment pursuant to Rule 59

Rule 59 of the Federal Rules of Civil Procedure allows me to grant a new trial or amend an existing judgment upon the motion of a party. However in this case I see no reason, nor do the Strongs offer any beyond Rule 60(b)(2), to grant the motion to amend the judgment.

2. In fact the Strongs cannot argue they relied on the date set in the second letter since they did not file suit within two years of the second letter either.

3. I.R.C. § 6532(a) provides the periods of limitation on suits. It states:
"(1) General Rule.—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun ... after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."
The statute does not say the notice must also advise the taxpayer that the limitations period has commenced and would expire two years from the date of the letter.

### C. Motion for Leave to Amend Complaint

The motion for leave to amend the complaint is dismissed as moot.

### IV. Conclusion

Because I conclude that there is no basis for a rehearing on this matter, either on the grounds of new evidence or otherwise, I hereby **DENY** the Strongs' motion for relief from the March 14, 2000 order dismissing the case for lack of subject matter jurisdiction. The motion for leave to amend the complaint is dismissed as moot.

IT IS SO ORDERED.

The Sixth Circuit has held that so long as the taxpayer receives adequate notice of the decision of the IRS on the claim, either allowing it or rejecting it, the notice is sufficient to start running the period of limitations. *A.G. Reeves Steel Const. Co. v. Weiss*, 119 F.2d 472 (6th Cir.1941), *cert. denied* 314 U.S. 677, 62 S.Ct. 181, 86 L.Ed. 541 (1941). The statute does not require any particular form to be used. *Id. See also W & S Distributing, Inc. v. U.S.*, 1996 WL 636119 (E.D.Mich.1996).

Moreover, the Code of Federal Regulations does not add any requirements to the statute. *See* 26 C.F.R. § 301.6532–1. Whereas the Regulations do add explicit details to the requirements of a *waiver* of the disallowance letter (§ 6532(c)), the Regulations do not require any specific wording of the disallowance letter itself under § 6532(a).